UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTEL WARE-MARTIN,

    Plaintiff,
v.                                              CASE NO. 8:23-cv-1229-WFJ-TGW

THE CITY OF PALMETTO, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for her complaint. Her complaint broadly alleges violations of the "5th Amendment . . . 14th Amendment and Florida Statute § 895.03," among other claims (Doc. 1, p. 7). From what can be discerned, the plaintiff has listed a litany of defendants, including, but not limited to, Manatee Circuit Court Judge Diana Moreland, Manatee County Clerk of Courts and Comptroller Angelina Colonneso, Manatee County Tax Collector Ken Burton, Jr., and Chief of Police Scott Tyler of the Palmetto Police Department. For the reasons discussed, even under a liberal construction, the complaint does not contain allegations that would support the claims asserted. Therefore, I recommend that the plaintiff's complaint be dismissed without prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). The latter requires that the complaint allege facts from which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II.

As an initial matter, the plaintiff's claim of violations of Florida Statute § 895.03 appears to be misplaced. Thus, Chapter 895 of the Florida Statutes is the Florida RICO (Racketeer Influenced and Corrupt Organization) Act. It is unclear how the plaintiff asserts the defendants violated this statute.

There is also the matter of immunity of the defendants. As indicated, one of the defendants is a circuit court judge—Judge Diana Moreland. The plaintiff does not identify a legal basis for suing Judge Moreland. Judges are entitled to absolute judicial immunity from damages

for acts or omissions associated with the judicial phase of the civil or criminal process. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Judicial immunity does not apply only in situations where the judge, acting in his or her judicial capacity, ruled "in the clear absence of all jurisdiction." Id. The plaintiff does not allege any facts that the judge's actions did not constitute a normal judicial function within the scope of her assigned jurisdiction. The matter of immunity, as well as a total bar against claims, as to the other defendants is equally relevant and not addressed by the plaintiff. See e.g., Kelly v. Ala. Dep't of Revenue, 638 Fed. Appx. 884, 888–89 (11th Cir. 2016) (providing that the Tax Injunction Act is "intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes"); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (stating that qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Henning v. Day, No. 615CV927ORL40DAB, 2016 WL 1068482 at *4 (M.D. Fla. Mar. 18, 2016) (citing Harlow in support of the conclusion that the defendant police officer was entitled to qualified immunity).

    Moreover, the complaint does not comply with Federal Rule of

3

Civil Procedure 8(a)(2), in particular because it is nearly indecipherable. The plaintiff used a court provided "Pro Se Complaint" form to draft her complaint. Under the "Statement of Claim" section, the plaintiff states (Doc. 1, p. 8):

> Manatee Co. Clerk of Court ill will conspiracy in fraud across state line racketeering fraud upon the courts. Identity theft . . . conspired money laundering active corruption scandal cover-up RICO aiding & abetting elderly abuse act scheme to defraud organized crimes for eminent[sic] domain for D.O.T. & million dollar developer Pat Neal community.

It is not clear what the plaintiff is trying to say. Further, the plaintiff's attachments to the complaint do not provide any additional facts or clarity. Rather, it appears she merely re-asserts similar language and lists a litany of Florida statutes and federal law—among other things—without any indication as to their relevance.

Thus, the complaint clearly does not comply with Federal Rule of Civil Procedure 8(a)(2). The purpose of this rule is to give the defendants fair notice of the plaintiff's claim and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading specificity standard "'requires a complaint with enough factual

4

matter (taken as true) to suggest' the required element." <u>Watts</u> v. <u>Florida International University</u>, 495 F.3d 1289, 1295 (11th Cir. 2007) (internal citation omitted). A plaintiff must provide the grounds of her entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, <u>supra</u>, 550 U.S. at 545. Furthermore, the complaint also does not comply with Federal Rule of Civil Procedure 10(b) which provides that "[a] party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b).

In sum, the plaintiff's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u> v. <u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678, <u>quoting</u> <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, <u>supra</u>, 550 U.S. at 570. Accordingly, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii).

However, under these circumstances, it is appropriate to allow the plaintiff an opportunity to file an amended complaint. See <u>Troville</u> v. <u>Venz</u>, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint

5

without allowing leave to amend when required by Fed.R.Civ.P. 15(a)). I therefore recommend that the complaint be dismissed and the Motion to Proceed *In Forma Pauperis* (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: September 25, 2023.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

